United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) Criminal Case No. 08-21069-CR-Scola ) |
| Victor Susana-Castro, and Juan R. Corniel, Defendants. | ) ) ) |

## Order Granting Motion for Sentence Reduction

This matter is before the Court on Defendants' Victor Susana-Castro and Juan R. Corniel's motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), treated together because of the factual and legal overlap between them. (Mots., ECF Nos. 83, 84.) The Government has responded, addressing both motions. (ECF No. 87.) Susana-Castro has filed a reply. (ECF No. 90.) After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **grants** the motions for reduction of sentence. (**Mots., ECF Nos. 83, 84**.)

### 1. Background

On October 3, 2022, Victor Susana-Castro was sentenced to a term of imprisonment of 70 months after pleading guilty to one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. (ECF Nos. 54, 55, 72, 74.) On November 18, 2022, Juan R. Corniel was also sentenced to a term of imprisonment of 70 months after pleading guilty to the same offense. (ECF Nos. 32, 33, 81, 82.) The Sentencing Guidelines range for each was 63 to 78 months of imprisonment based on an offense level of 26 and a criminal history category of I.

Since the Court sentenced the Defendants, the United States Sentencing Commission has issued a sentencing adjustment for certain zero-point offenders ("Amendment 821"), which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." The Defendants now seek retroactive application of Amendment 821 to the Court's judgments sentencing each of them to 70 months in prison.

### 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2)

is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.* 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As noted, the retroactive amendment that the Defendants invoke here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.] *See id.*

Here, an analysis of the Defendants' circumstances reveals that they are eligible for a sentence reduction pursuant to Amendment 821. The Defendants qualify for the adjustment for zero-point offenders because they meet all the criteria set forth above, which the Government concedes. In addition, a reduction in the Defendants' sentences is consistent with the applicable policy statements.

Specifically, application of the two-level reduction in the Defendants' sentences results in offense level of 24, with a new guideline range of 51 to 63 months. Pursuant to the relevant policy statement, the Court cannot reduce the Defendants' terms of imprisonment below the minimum of the amended guideline range—*i.e.*, below 51 months. *See* U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 2691 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by

the amendment may be reduced." (cleaned up)). Thus, as the Court initially imposed a sentence of 70 months as to each Defendant, and the bottom of the amended guideline range is 51 months, the Court is able to reduce the Defendants' sentences.

Moreover, upon considering the § 3553(a) factors, the Court concludes that the Defendants are entitled to a reduction in his sentence. While the Defendants' offenses were serious, 57 months of imprisonment still accomplishes the goals of adequate deterrence and accurately reflecting the seriousness of the offenses by remaining at the middle of the applicable Guidelines range. The Court therefore exercises its discretion to grant the Defendant's motion after considering the § 3553(a) factors.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Susana-Castro and Corniel's motions for reduction of sentence are **granted**, such that each sentences is reduced to 57 months in prison with all other terms and conditions of the Court's judgment remaining in effect. (**Mots., ECF No. 83, 84**.)

**Done and ordered** at Miami, Florida on April 12, 2024.

Robert N. Scola, Jr.
United States District Judge